## Marcello v. Esposito

*Sacks & Sacks,* for complainant.
*Fuzia & DiCintro,* for respondent.

Bok, P. J., November 10, 1947.—Plaintiff wants an injunction to prevent defendant from erecting what may turn out to be a beer warehouse on his adjoining property.

Defendant filed preliminary objections but plaintiff did not amend. Defendant then let slip the 10 additional days, under Equity Rule 49, before tardily ordering the preliminary objections on the argument list.

In consequence, there are two current rules. One is plaintiff's, seeking to strike the preliminary objections from the argument list and to let the bill be taken pro confesso. The other is defendant's, who wants to withdraw his preliminary objections, answer over, and prevent the bill from being taken pro confesso.

We do not like technical positions in pleading. The bill has some dubious features, in that it attempts to predict what defendant's still unbuilt building may turn out to be. A hearing may disclose quite a different eventuality, and to enjoin by default what may in fact be a legal and proper building is not quite tolerable.

It is true that rule 49 is mandatory, but rule 51 allows the opening of a judgment taken pro confesso in equity for cause shown. Perhaps the cause is counsel's inadvertence, but the time factor is not great: This makes the technical factor very great indeed. The case does not appeal to us as being a proper one for a default judgment.

If the bill had already been taken pro confesso we should open it: Friedberg v. Roy B. & L. Association, 15 D. & C. 125 (1931). Hence we will take equivalent action, but put defendant on terms. He must be held to have abandoned his preliminary objections and must answer over within 10 days. His petition is granted and his rule made absolute. Plaintiff's motion is overruled and his rule discharged.

So ordered.